IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN WALTERS, a/k/a PETER SCARLIETTE, | : :  Civ. No. 4:CV-06-1574 |
| Petitioner | : : |
| v. | :  (Judge Jones) |
| EDWARD J. MCELROY, District Director, Dept. of Homeland Security, Immigration and Customs Enforcement, | : :  (Magistrate Judge Blewitt) : : : |
| Respondent | : |

October 4, 2006

MEMORANDUM AND ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 10, 2005, Petitioner Alvin Walters ("Petitioner" or "Walters") filed, *pro se*, a Petition for Review under 8 U.S.C. § 1252, as well as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Writ of Mandamus under 8 U.S.C. § 1361 with the United States Court of Appeals for the Second Circuit. (Rec. Doc. 1, Attachment 1). Petitioner also filed a motion to proceed *in forma pauperis*. (Rec. Doc. 1, Att. 3). In the Petition for Review, Walters

1

challenges his removability.[1] In his §2241 Petition, Walters challenges his physical custody. Finally, in his Writ of Mandamus, Petitioner seeks return to the custody of New York State. (Rec. Doc. 1, Att. 8).

On July 13, 2006, the Second Circuit transferred this action to the Middle District of Pennsylvania. The Second Circuit specifically transferred the §2241 petition to the extent that it challenged Walters' physical custody, the petition for mandamus, Petitioner's Motion for Stay of Removal and *in forma pauperis* motion. The case was received by this Court on August 14, 2006 and was referred to Magistrate Judge Blewitt for preliminary review.

On August 22, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (doc. 6), recommending that this Court deny the §2241 Petition to the extent it challenges his continued detention as premature, and deny the Petitioner's Motion of Stay of Deportation [*sic*] (doc. 3) and motion to proceed *in forma pauperis* (doc. 2) as moot. Objections to the Magistrate Judge's report were due by September 8, 2006. To date, no objections have been filed. This matter is therefore ripe for our review.

---

[1] Prior to transferring the habeas petition in this action to this Court, the Second Circuit dismissed Petitioner's Petition for Review, which was filed under the Real ID Act of 2005, since the Board of Immigration Appeals (BIA) did not yet enter a final order of removal in Petitioner's case. The Second Circuit found that it lacked jurisdiction to review Petitioner's challenge to his removability.

2

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-150 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case obviously confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, as noted by Magistrate Judge Blewitt, the Petitioner, a citizen of Jamaica, is a Bureau of Immigration and Customs Enforcement ("BICE") detainee at Pike County Correctional Facility ("PCCF"). (Rec. Doc. 1, Att. 7). BICE took custody of Petitioner on July 20, 2005 and removal proceedings ensued. As noted by the Second Circuit in its July 13, 2006 order, the BIA has not yet entered a final

order of removal in Petitioner's case.² Accordingly, Magistrate Judge Blewitt properly reasoned that the Petitioner's Motion of Stay of Deportation [*sic*] (doc. 3) is premature. Furthermore, Magistrate Judge Blewitt recommends that any challenge to Petitioner's continued confinement at PCCF be dismissed as premature.

Second, Magistrate Judge Blewitt notes that Petitioner's claim that his continuing detention by BICE violates <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) has no merit because Petitioner's removal period has not yet commenced. Under <u>Zadvydas</u>, an alien in post final removal order detention beyond six months is entitled to custody determination once he has provided good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. As noted by the Magistrate Judge, Petitioner does not claim he is being denied a meaningful custody review, but his petition seeks release from BICE custody, a stop to his removal proceedings, and a return to New York State Custody. We agree with Magistrate Judge Blewitt's determination that Walters does not have a claim under <u>Zadvydas</u>, because his order of removal is not final.

---

² Magistrate Judge Blewitt notes that a removal order becomes final when it is affirmed by the BIA or when the time in which such an appeal is due expires. Here, it appears that the BIA ordered the Petitioner removed and thereafter Walters appealed the BIA's order. Because Petitioner's appeal still pends with the BIA, no final order of removal has been entered in his case.

Our review of this case confirms Magistrate Judge Blewitt's determinations. Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (doc. 6) is ADOPTED in its entirety.

2. The petition for writ of habeas corpus is DENIED.

3. The Motion of Stay of Deportation (doc. 3) is DENIED as MOOT.

4. The Motion to Proceed *in forma pauperis* (doc. 2) is DENIED as MOOT.

5. The Clerk is directed to close the file on this case.

John E. Jones III
United States District Judge